IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHRISTIAN ROBINSON,               :

    Petitioner,                      :

vs.                               :  CIVIL ACTION NO. 10-0104-CG-C

UNITED STATES OF                  : CRIMINAL ACTION NO. 07-0270-CG
AMERICA,
                                  :
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, Christian Robinson, a federal prison inmate proceeding *pro se*, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 25). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). It is recommended that Robinson's § 2255 motion be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f).

## FINDINGS OF FACT

1.    On October 24, 2007, Robinson entered a counseled guilty plea to the sole count of the indictment charging the offense of  possession of a firearm by a person convicted of a misdemeanor crime of domestic violence

in violation of 18 U.S.C. § 922(g)(9). (*Compare* Doc. 15 (order on guilty plea) *with* Doc. 1 (indictment)) Robinson was sentenced, on January 29, 2008, to 120 months imprisonment. (*See* Docket Sheet, Minute Entry for January 29, 2008) Judgment was entered by the Court on February 7, 2008. (Doc. 20) Four (4) years of petitioner's 120-month sentence was ordered to run concurrently "**with any custody sentence the defendant receives for attempted murder in state court case (Mobile County) DC 2007-8590.**" (*Id.* at 2) Robinson did not appeal his conviction and sentence. (Doc. 25, at 1) In fact, on the same date the Court entered its judgment, February 7, 2008, petitioner signed and filed, through his appointed attorney, a notice of no appeal. (Doc. 19 ("I have been advised by the Court and by my attorney of my right to appeal my conviction and sentence. I have consulted with my attorney, who has explained the advantages and disadvantages of taking an appeal. I have had sufficient time to consider my options and require no further explanation. After consideration, it is my desire to inform the Court that I do not wish to take an appeal."))

2.      On May 21, 2009, petitioner filed a motion for extension of time to file a § 2255 petition. (Doc. 22) United States District Judge Callie V. S. Granade denied petitioner's motion by endorsement on July 27, 2009. (Doc. 24)

> Federal courts have no authority to extend the one-year
> limitation period where no § 2255 petition has been filed, or to
> treat a motion for extension of time as a substantive motion for
> relief under 28 U.S.C. § 2255 where the motion does not contain
> allegations sufficient to support a claim under § 2255. See Green
> v. United States, 260 F.3d 78, 83 (2nd Cir. 2001); United States
> v. Leon, 203 F.3d 162, 164 (2nd Cir. 2000).

(*Id.*)

3.      Robinson filed the instant motion to vacate, pursuant to 28

U.S.C. § 2255, on February 23, 2010. (Doc. 25, at 6 (motion executed on

February 23, 2010)) Within the context of this motion, petitioner claims his

petition has been timely filed. (*Id*. at 3)

> Movant states for the record that the United States Court of the
> [S]outhern District of Alabama appointed counsel never placed
> Mr. Robinson on the proper notice to file an Appeal after the
> Sentencing court had given the proper instruction under Rule
> 11.[] The movant assert the sixth amendment once it is attached
> the attorney has a duty to advise him of the stage after the
> defendant have been convicted to follow up on filing an Appeal.
> However if the Attorney felt there were no merits to the
> defendant case he was to file the proper motion with the Appeals
> court in reference to an Anders Brief which would properly
> removed him or her from the defendant case. Thereforth (sic)
> the Movant have every right to file this motion as timely filed at
> this time with this honorable court. A defendant cannot be
> denied access to court w[h]ere relief is warrant set by the record
> shown.

(*Id.*)

## **CONCLUSIONS OF LAW**

1.      Rule 4 of the Rules Governing Section 2255 Cases provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  28 U.S.C. foll. § 2255, Rule 4(b). Because this rule is all but identical to its § 2254, *see* 28 U.S.C. foll. § 2254, Rule 4, it is clear that a district court has the authority under this rule to dismiss frivolous habeas petitions prior to any answer by the United States. *Acosta v. Artuz*, 221 F.3d 117, 123 (2nd Cir. 2000) ("[T]he authority to raise [] procedural defenses *sua sponte* is consistent with the authority provided to the district courts in 2254 Habeas Rule 4 and 2255 Habeas Rule 4(b)."); *see Day v. Crosby*, 391 F.3d 1192, 1194 & 1195 (11th Cir. 2004) ("The critical difference between the ordinary civil case and a habeas case involves Rule 4 of the Rules Governing Section 2254 cases. . . . The Fifth, Fourth, and Second Circuits have concluded that '[t]his rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses.' . . . The Advisory Committee Notes to Rule 4 state that a federal district court has 'the duty . . . to screen out frivolous applications.' . . . A concession of timeliness by the state that is patently erroneous does not compromise the authority of a district

4

court *sua sponte* to dismiss a habeas petition as untimely, under AEDPA."),
*judgment aff'd sub nom. Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675,
164 L.Ed.2d 376 (2006); *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999)
(finding that a district court has the power under Rule 4 of the Rules
Governing Section 2254 Cases "to examine and dismiss frivolous habeas
petitions prior to any answer or other pleading by the state."); *Emerson v.
United States*, 2004 WL 743914, *1 (N.D. Tex. 2004) ("Respondent United
States of America [] has not filed an answer, but the Court has reviewed
Emerson's pleadings and finds that his petition should be denied. *See* Rule 4
of the Rules Governing Section 2254 Cases . . . and Rule 4(b)[,] Rules
Governing Section 2255 Proceedings[.]"), *cert. denied,* 541 U.S. 1081, 124
S.Ct. 2435, 158 L.Ed.2d 996 (2004); *United States v. Gray*, 1996 WL 228461,
*16 (N.D. Fla. 1996) ("Finally, Judge Coffin noted [in concurring in part and
dissenting in part in *United States v. Quin*, 836 F.2d 654, 658-659 (1st Cir.
1988)] that federal courts are not helpless to manage frivolous habeas or post-
conviction petitions. Patently frivolous claims may be dismissed summarily
without answer by the Government.").

      2.     The Anti-Terrorism and Effective Death Penalty Act of 1996
("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added

a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.) ("On April 24, 1996, Section 105 of the Antiterrorism and Effective Death Penalty Act . . . took effect. That section amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255."), *cert. denied*, 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000).

>    (f) A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
>         (1) the date on which the judgment of conviction becomes final;
>
>         (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>         (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>         (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

    3.    Subsections (2), (3), and (4) of § 2255(f) clearly do not apply to

6

petitioner's case and therefore, the timeliness of Robinson's petition must be calculated under § 2255(f)(1) based upon the date on which his conviction became final. In this case, the Court entered judgment against Robinson on February 7, 2008. Because petitioner did not appeal his conviction or sentence, the judgment of conviction became final on February 19, 2008, ten days after it was entered (excluding the relevant intervening Sunday and holiday). *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) ("[T]he judgment of conviction became final on February 2, 1998, ten days after it was entered."); *see* Fed.R.App.P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (I) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."). Therefore, under *Mederos, supra,* Robinson had until February 19, 2009 to timely file a collateral attack pursuant to § 2255. Because petitioner did not file his § 2255 motion until February 23, 2010 (*see* Doc. 25, at 6),[1] more than a year after his one-year limitation period expired, this Court cannot reach the merits of petitioner's claims unless he is entitled to equitable tolling.

    4.    "In the § 2255 context, equitable tolling 'is appropriate when a

---

[1]    Petitioner's May 21, 2009 motion for an extension of time to file his § 2255 petition (Doc. 22), in fact,  was filed after his one-year limitations period had expired.

movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' . . . 'The "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.' . . . The *petitioner* has the burden of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time." *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002) (emphasis in original), *cert. denied*, 538 U.S. 947, 123 S.Ct. 1622, 155 L.Ed.2d 490 (2003); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("We have held that equitable tolling is appropriate when a prisoner's § 2255 petition is untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. . . . We have emphasized, however, that equitable tolling applies only in truly extraordinary circumstances. . . . Appellant bears the burden of establishing that he is entitled to this extraordinary relief."), *aff'd*, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005); *see Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) ("Equitable tolling is to be applied when

8

'"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling."); *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) ("Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'").

     5.     In this case, petitioner has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *Johnson, supra,* 340 F.3d at 1226; *Jones, supra,* 304 F.3d at 1040; *see Johnson v. Florida Department of Corrections*, 513 F.3d 1328, 1333 (11th Cir.) ("Johnson bears the burden of establishing equitable tolling."), *cert. denied sub nom. Johnson v. McNeil*, __ U.S. __, 129 S.Ct. 348, 172 L.Ed.2d 86 (2008); *Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). In fact, petitioner makes no conventional equitable tolling argument but instead contends he has "every right to file this motion as

9

timely filed at this time" because his trial attorney failed to file written notice of appeal or place him on "proper notice to file an Appeal after the Sentencing court had given the proper instruction under Rule 11." (Doc. 25, at 3) While this argument does not begin to explain why Robinson did not file the instant attack in a timely manner and serves only to underscore the undersigned's ultimate determination that petitioner's own lack of due diligence, ultimately, is responsible for the untimeliness of the filing of the instant § 2255 petition, it also wholly ignores his specific written acknowledgment after consultation with his attorney, on February 7, 2008, that he did not desire to take an appeal from his conviction and sentence (*see* Doc. 19). Accordingly, in the undersigned's opinion this is not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period. *Johnson, supra,* 340 F.3d at 1226; *see also Melson v. Allen,* 548 F.3d 993, 1001 (11th Cir. 2008) ("We have emphasized that '[e]quitable tolling is an extraordinary remedy that must be applied sparingly' for '[a] truly extreme case.'"), *cert. denied*, ___ U.S. ___, 130 S.Ct. 254, 175 L.Ed.2d 173 (2009).

    6.    Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must

issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).   A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as a district court can raise *sua sponte* the

AEDPA statute of limitations, *see Jackson v. Secretary for the Dept. of Corrections,* 292 F.3d 1347, 1349 (11th Cir. 2002), within the context of Rule 4, *see Johnson v. Chase*, 2006 WL 2949442, *1 (S.D. Ga. 2006) ("Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA's statute of limitation *sua sponte* and dismiss those actions that are time barred."), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Robinson should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

<u>**CONCLUSION**</u>

The Magistrate Judge recommends that the instant petition be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma*

*pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 3rd day of March, 2010.

  s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      ***Objection***.   Any party who objects to this recommendation or anything in it must,
within fourteen (14) days of the date of service of this document, file specific written
objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by
the district judge of anything in the recommendation and will bar an attack, on appeal, of the
factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855
F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B,
1982)(*en banc*).  The procedure for challenging the findings and recommendations of the
Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which
provides that:

> A party may object to a recommendation entered by a magistrate judge in
> a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A),
> by filing a 'Statement of Objection to Magistrate Judge's Recommendation'
> within ten days[2] after being served with a copy of the recommendation,
> unless a different time is established by order.  The statement of objection
> shall specify those portions of the recommendation to which objection is
> made and the basis for the objection.  The objecting party shall submit to
> the district judge, at the time of filing the objection, a brief setting forth the
> party's arguments that the magistrate judge's recommendation should be
> reviewed *de novo* and a different disposition made.  It is insufficient to
> submit only a copy of the original brief submitted to the magistrate judge,
> although a copy of the original brief may be submitted or referred to and
> incorporated into the brief in support of the objection.  Failure to submit a
> brief in support of the objection may be deemed an abandonment of the
> objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals;
only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C.
§ 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original
records in this case are adequate for purposes of review.  Any party planning to object to this
recommendation, but unable to pay the fee for a transcript, is advised that a judicial
determination that transcription is necessary is required before the United States will pay the
cost of the transcript.

---

[2]      Effective December 1, 2009, the time for filing written objections was extended
to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P.
72(b)(2).