IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | CRIM. NO. 07-00270-CG |
| | ) | |
| CHRISTIAN ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the court on defendant's "motion for relief from judgment pursuant to Fed. Rule Civ. Pro. Rule 60(b)(4) & (6)" (Doc. 31). In that motion, the defendant attacks the validity of his conviction and sentence in this criminal case.

Ordinarily, such an attack would be made by filing a petition pursuant to 28 U.S.C. § 2255. However, in this case, the defendant has already filed a § 2255 petition (Docs. 25 & 26), which was denied by the court as untimely (Docs. 29 & 30). If the defendant were to file a second § 2255 petition, he would first need to obtain an order from the Court of Appeals authorizing this court to entertain the petition. See 28 U.S.C. §§ 2255(h) and 2244(a)(3)(A). This he has not done, and the court presumes that he has, instead, filed the instant motion pursuant to Rule 60(b), Fed.R.Civ.P., in an effort to sidestep that requirement.

The Eleventh Circuit Court of Appeals has addressed the situation presented here in Williams v. Chatman, 510 F.3d 1290 (11th Cir. 2007).

> Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case. *See* Fed.R.Civ.P. 60. The Supreme Court explained in Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent that they are "not inconsistent with applicable

1

federal statutory provisions," id. at 529, 125 S.Ct. at 2646 (quoting 28 U.S.C. § 2254 Rule 11) (internal marks omitted), and the Antiterrorism and Effective Death Penalty Act does not explicitly limit the operation of Rule 60(b). Id. The Act does, nonetheless, foreclose application of that rule where it would be inconsistent with the restrictions imposed on successive petitions by the AEDPA. Id. at 529-30, 125 S.Ct. at 2646.

The Supreme Court held in Gonzalez that a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) "seeks to add a new ground of relief;" or (2) "attacks the federal court's previous resolution of a claim *on the merits*." Id. at 532, 125 S.Ct. at 2648. Where, however, a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is not a successive habeas petition. Id. . . .

When a Rule 60(b) motion qualifies as a second or successive habeas petition as defined in Gonzalez, it must comply with the requirements for such petitions under the AEDPA. *See* 28 U.S.C. § 2244. The AEDPA imposes three basic requirements on successive habeas petitions. First, "any claim that has already been adjudicated in a previous petition must be dismissed." Gonzalez, 545 U.S. at 529-30, 125 S.Ct. at 2646; *see also* 28 U.S.C. § 2244(b)(1). Second, any new claim that was not already adjudicated must be dismissed unless it relies on "a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." Gonzalez, 545 U.S. at 530, 125 S.Ct. at 2646; *see also* 28 U.S.C. § 2244(b)(2). Finally, before a district court can accept a successive habeas petition, "the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." Gonzalez, 545 U.S. at 530, 125 S.Ct. at 2646; *see also* 28 U.S.C. § 2244(b)(3).

Furthermore, subsequent to the Supreme Court's decision in Gonzalez, we have confirmed that "[i]t is still the law of this circuit that a 'certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding.' " Jackson v. Crosby, 437 F.3d 1290, 1294-95 (11th Cir.2006) (quoting Gonzalez v. Sec'y, Dep't of Corr., 366 F.3d 1253, 1263 (11th Cir.2004)). Where a district court lacks subject matter jurisdiction over a Rule 60(b) motion, however, it also lacks jurisdiction to grant a COA. *See* Boone v. Sec'y, Dep't of Corr., 377 F.3d 1315, 1317 (11th Cir.2004) (per curiam) (vacating a COA granted by the district court, which lacked subject matter jurisdiction over the prisoner's Rule 60(b) motion).

Williams v. Chatman, 510 F.3d 1290, 1294-95 (11th Cir 2007).

The defendant's instant motion does not attack "some defect in the integrity of the federal habeas proceedings", but rather attacks the conviction and sentence itself. Accordingly, the

2

motion qualifies as a second or subsequent habeas petition, and this court is without jurisdiction to address it.

It is therefore **ORDERED** that the motion be, and hereby is, **DISMISSED** for lack of jurisdiction**.**

**DONE** and **ORDERED** this 30th day of June, 2010.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE